UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARICELA MADRIGAL NIEBLAS,

          Plaintiff,

    v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

          Defendant.

Case No. 2:17-cv-01816-RBL

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

THIS MATTER is before the Court on Plaintiff Maricela Madrigal Nieblas's Complaint (Dkt. 3) for review of the Social Security Commissioner's denial of her applications for disability insurance ("DIB") and supplemental security income ("SSDI") benefits.

Madrigal Nieblas suffers from headaches, cerebral trauma, cognitive disorder, anxiety disorder, and somatoform disorder. *See* Administrative Record (Dkt. 7) 20. She applied for DIB on May 5, 2014, and SSDI on September 26, 2014, alleging she became disabled on September 12, 2012.[1] *See* AR 94-95, 113, 133. Both applications were denied upon initial administrative review and on reconsideration. *See* AR 110, 131, 149.

---

[1] Madrigal Nieblas alleges that her disability arose due to a workplace accident that occurred in October 2011. *See* AR 21, 473. She continued working after that accident, however, and thus she does not claim disability until the date on which she stopped working, reported to be September 12, 2012. *See* Pl.'s Op. Br. (Dkt. 10) at 2.

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS - 1

Administrative Law Judge Kimberly Boyce conducted a hearing on October 31, 2016, at which Madrigal Nieblas and a vocational expert testified via telephone.[2] AR 47-84.

On December 28, 2016, ALJ Boyce issued a decision finding Madrigal Nieblas not disabled. AR 39. The Appeals Council denied Madrigal Nieblas's request for review on October 2, 2017, making the ALJ's decision the Commissioner's final decision. *See* AR 1; 20 C.F.R. §§ 404.981, 416.1481. On December 12, 2017, Madrigal Nieblas filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Complaint.

Madrigal Nieblas argues that the Commissioner's decision to deny benefits should be reversed and remanded for further proceedings because the ALJ erred in evaluating the opinion of treating physician Gary Stobbe, M.D. Pl.'s Op. Br. at 1.

**DISCUSSION**

The parties have seemingly ignored the Court's standard of review here, as they spent much of their briefs rearguing the evidence. The Court does not reweigh the evidence, but instead must uphold the Commissioner's decision if it applied the "proper legal standard" and "there is substantial evidence in the record as a whole to support" that determination. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005); *see also Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.

---

[2] ALJ Boyce conducted a prior hearing on June 7, 2016, but rescheduled that hearing when Madrigal Nieblas reported being unable to continue due to illness. *See* AR 85-93.

*Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("'Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.'") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

The ALJ determines credibility and resolves ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

Madrigal Nieblas argues that the ALJ erred in rejecting the opinion of treating physician Gary Stobbe, M.D. *See* Pl.'s Op. Br. at 1. "If a treating physician's opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight.'" *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) (quoting 20 C.F.R. § 404.1527) (alterations in original); *accord Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014). When a treating physician's opinion is contradicted, the ALJ may only reject it by providing "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). The ALJ can satisfy this requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d at 725 (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

When analyzing a treating physician's opinion, the ALJ must "consider factors such as the length of the treating relationship, the frequency of examination, the nature and extent of the treatment relationship, or the supportability of the opinion." *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017).  However, an "ALJ is not required to make an express statement that she considered all the factors outlined in 20 C.F.R. § 1527(c)." *Kelly v. Berryhill*, --- F. App'x ---, 2018 WL 2022575, at *3 n.4 (9th Cir. May 1, 2018).

Dr. Stobbe is a board-certified neurologist who works in the subspecialty area of traumatic brain injuries.  AR 1213.  He saw Madrigal Nieblas three times in 2014 pursuant to a referral from her primary care physician. *See* AR 953-68.  On July 11, 2014, during his first examination, Dr. Stobbe diagnosed Madrigal Nieblas with anxiety, chronic posttraumatic headache, insomnia, persistent post-concussion syndrome, and temporomandibular joint dysfunction.  AR 965.  Dr. Stobbe saw Madrigal Nieblas again on August 8, 2014.  AR 959.  Dr. Stobbe noted that he was "pleased with her initial progress" since the earlier visit, but that Madrigal Nieblas was still experiencing headaches and anxiety.  AR 958-59.

Dr. Stobbe last saw Madrigal Nieblas on October 27, 2014.  AR 953.  At that appointment, Madrigal Nieblas reported that she was "bombarded" with independent medical examinations in August, September, and the beginning of October, which set back all of her symptoms.  *Id.*  Dr. Stobbe maintained his original diagnoses, but did not identify any particular work or other limitations.  AR 954.

On March 9, 2015, Dr. Stobbe gave deposition testimony as part of Madrigal Nieblas's workers' compensation claim stemming from her October 2011 workplace injury.  *See* AR 1208.  He confirmed his diagnoses, noting that Madrigal Nieblas was suffering from "migraine-type headache[s] that [were] associated with the light sensitivity, the sound sensitivity, the smell

sensitivity, the nausea and disequilibrium as well as probably some of her cognitive complaints." AR 1217. However, he deferred to the psychologists and psychiatrists who had seen Madrigal Nieblas regarding any psychological diagnoses. AR 1220.

Regarding Madrigal Nieblas's ability to work and possible restrictions, Dr. Stobbe was noncommittal. He testified that he did not believe Madrigal Nieblas could work in the condition in which he last saw her (on October 27, 2014), and that he was unaware of any change in her condition since then. AR 1228-29. When asked what restrictions he would place on Madrigal Nieblas if she were to try to return to work, Dr. Stobbe stated that he would "probably start [her] maybe three days a week with days off in between, so working like Monday, Wednesday, Friday schedule, you know, and not full days at the beginning." AR 1229. But when asked whether he would release Madrigal Nieblas to sedentary work, Dr. Stobbe stated: "I wouldn't release her to anything. I'm not really . . . in position to speak to that having not seen her in a while, and also that wasn't really the question I was being asked when I saw her." AR 1230. Later, Dr. Stobbe testified that he "would expect" Madrigal Nieblas to need more frequent rest breaks than employers typically provide. AR 1233. However, when asked whether, "assuming no intervening accident, injuries, or illnesses since October 30, 2013," the opinions he expressed would be the same on a more-probable-than-not basis from that date to the present, Dr. Stobbe replied, "I don't know." AR 1235.

The ALJ gave Dr. Stobbe's opinions minimal weight, "except to agree that [Madrigal Nieblas] is unable to return to even semiskilled work because of headaches with tasks involving critical thinking." AR 34. The ALJ gave three reasons for her decision: (1) Dr. Stobbe's opinion was "cursory and equivocal"; (2) there was a lack of objective evidence for his diagnoses (and, relatedly, Madrigal Nieblas's subjective complaints were unreliable because the ALJ separately

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS - 5

found her symptom testimony inconsistent with the evidence); and (3) Dr. Stobbe's opinion conflicted with Madrigal Nieblas's work history and other activities. Neither party directly addressed these issues, but instead largely repeated the evidence in the record.

### 1. Cursory and Equivocal Opinions

The ALJ's determination that Dr. Stobbe's opinions were cursory and equivocal is a specific and legitimate reason to discount those opinions. *See Khal v. Berryhill*, 690 F. App'x 499, 501 (9th Cir. 2017) (upholding ALJ's rejection of plaintiff's treating physician's opinion because it was equivocal); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). Dr. Stobbe would not commit to any disability restrictions outside of the brief time period in which he saw Madrigal Nieblas. While Dr. Stobbe indicated that Madrigal Nieblas could not work as of the time he last saw her (in October 2014), he was unwilling to opine on whether she could work at the time of his deposition, less than five months later. *See* AR 34, 1230, 1235. Furthermore, Dr. Stobbe deferred to psychologists and psychiatrists on Madrigal Nieblas's psychological conditions, essentially conceding that his opinions on those conditions should be given less weight than those of other medical professionals. *See* AR 34, 1220. The ALJ was not required to accept as true disability limitations that Dr. Stobbe would not even commit to, and therefore properly rejected Dr. Stobbe's opinions as cursory and equivocal.

### 2. Lack of Objective Evidence

The ALJ's next reason for rejecting Dr. Stobbe's opinion, that his diagnoses lacked objective evidence, also withstands scrutiny. An ALJ may reject a doctor's opinions if they are inadequately supported by objective evidence. *See Thomas*, 278 F.3d at 957. Dr. Stobbe

conceded that there was a lack of objective evidence for his diagnoses. AR 1238-39. The ALJ further noted that Dr. Stobbe found Madrigal Nieblas to have "fluent speech, normal behavior, normal judgment, normal attention and concentration, balanced mood, and good recall of past events" on examination. AR 34.

Moreover, the ALJ properly discounted Dr. Stobbe's opinions to the extent they were based on Madrigal Nieblas's subjective pain complaints. "If a treating provider's opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion." *Ghanim*, 763 F.3d at 1162 (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)). Dr. Stobbe testified that Madrigal Nieblas's headache condition is not typically diagnosed based on objective testing, as it "is a subjective pain complaint by definition." AR 1217. But the ALJ found that Madrigal Nieblas's "nonphysiologic pain complaints" were not reliable because they were contradicted by her "work history, other activities, reports of improvement, and inconsistent examination findings." AR 34. Madrigal Nieblas has not challenged the ALJ's decision to discount her symptom testimony, *see* AR 25, and thus that determination must be upheld. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (holding that the court will "review only issues which are argued specifically and distinctly in a party's opening brief. . . . [A] bare assertion of an issue does not preserve a claim") (internal citations and quotation marks omitted). Therefore, the ALJ was entitled to discount Dr. Stobbe's opinions to the extent they were based on Madrigal Nieblas's unreliable subjective complaints.

In sum, the ALJ appropriately discounted Dr. Stobbe's opinion because it was not adequately supported by objective medical evidence, and was based on Madrigal Nieblas's unreliable subjective reports.

### 3. Conflict with Work History and Other Activities

The ALJ's final reason for rejecting Dr. Stobbe's opinions, that they conflicted with Madrigal Nieblas's work history and other activities, is much less compelling. A finding that a treating physician's opinions conflicts with the claimant's work history and other activities can be a specific and legitimate reason for rejecting the doctor's opinion, but only if it is based on a reasonable interpretation of the evidence. *See Morgan*, 169 F.3d at 600-01. The ALJ's recitation of the evidence here does not accurately portray the record, and thus she erred in rejecting Dr. Stobbe's opinion as conflicting with Madrigal Nieblas's work history and other activities.

First, much of Madrigal Nieblas's work history occurred prior to her disability date. Madrigal Nieblas contends that her disability arose from a workplace injury that occurred in October 2011, but she argues that it did not render her disabled until September 2012, when she stopped working. *See* Pl.'s Op. Br. at 2. That history is nonetheless relevant, but must be viewed in context. *Cf. Frierson v. Berryhill*, 693 F. App'x 660, 661 (9th Cir. 2017) (holding that ALJ gave specific and legitimate reasons for rejecting an examining doctor's opinion because, among other things, it "was contradicted by the overall record, including evidence of [the claimant's] work history prior to the alleged onset of disability"); *Stoner v. Colvin*, No. 3:16-cv-05373 DWC, 2016 WL 7228784, at *3 (W.D. Wash. Dec. 14, 2016) (noting that "[p]laintiff's work history prior to the alleged onset date is of limited probative value" because plaintiff suffered a disabling injury at the onset date).

The ALJ noted that Madrigal Nieblas continued working as a store manager after her October 2011 incident. AR 21, 274. But that does not accurately reflect the record as a whole, nor does it necessarily conflict with Dr. Stobbe's opinions. *See Reddick*, 157 F.3d at 722-23

(reversing ALJ's decision where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record"). Madrigal Nieblas continued working for approximately four months after her incident, at which point her chiropractor, Ricky Sikka, D.C., determined that she was unable to continue working. *See* AR 629-30, 963. Madrigal Nieblas returned to work part-time in a lower position in June 2012, but stopped working due to her alleged disability in September 2012. *See* AR 641, 718. This is more akin to an unsuccessful work attempt than it is evidence that Madrigal Nieblas can work despite her alleged disabilities. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007) (noting that plaintiff's brief failed return to work was not a clear and convincing reason to reject his testimony, as some courts have suggested a failed work attempt actually supports allegations of disabling pain) (citing *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989)).

Second, Madrigal Nieblas's supposed reports of improvement do not show that she was no longer disabled. Madrigal Nieblas reported on a number of occasions that her symptoms were improving, but also explained that they were still causing her significant difficulties. *See* AR 69 (stating that she would have to miss two days of work per month due to headaches, which was "a lot better" than in 2012), 574 (reporting that her headaches had decreased in intensity, but that she was still experiencing them frequently), 720 (noting that she "feels better with treatment" but still had four migraine headaches in the last month), 932 (reporting that she feels "about 50% better than she [sic] when she was at her worst," but that she still had daily headaches and cognitive limitations), 1561 (noting that she feels better, but still has headaches and panic attacks). None of these reports conflicted with Dr. Stobbe's opinions, and thus the ALJ could not reject Dr. Stobbe's opinion on that basis.

Although the ALJ erred in rejecting Dr. Stobbe's opinion based on a conflict with

Madrigal Nieblas's work history and other evidence, the Court finds that error harmless. An error is harmless when it is "'inconsequential to the ultimate nondisability determination.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). Here, the ALJ gave two specific and legitimate reasons for rejecting Dr. Stobbe's opinions, and those reasons remain valid despite the ALJ's erroneous third reason. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (finding harmless error where ALJ included erroneous bases for discounting claimant's testimony because ALJ included other valid bases supporting the decision); *Carmickle*, 533 F.3d at 1162-63 (same). The ALJ therefore did not harmfully err in rejecting Dr. Stobbe's opinions.

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ properly concluded that Madrigal Nieblas was not disabled. Accordingly, the Commissioner's decision to deny benefits is AFFIRMED.

DATED this 5th day of July, 2018.

Ronald B. Leighton
United States District Judge